## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**THOMAS WADDELL,**

      **Plaintiff,**           :

  **v.**                                  **Case No. 2:25-cv-834**
                                             **Chief Judge Sarah D. Morrison**

**TOP FAMILY AFFAIR LLC,** *et*           **Magistrate Judge S. Courter M.**
*al.*,                            :        **Shimeall**

      **Defendants.**

## ORDER

This matter is before the Court for review of the Order issued by the Magistrate Judge on February 23, 2026 (Order, ECF No. 28) concerning the parties' discovery dispute. Thomas Waddell objected to the Order (Obj., ECF No. 31), and Defendants responded (Resp., ECF No. 34). Mr. Waddell filed a reply (Reply, ECF No. 35), which Defendants move to strike (ECF No. 36). Mr. Waddell then moved for leave to file his reply. (ECF No. 37.) For the reasons below, the Court **ADOPTS** and **AFFIRMS** the Order, **OVERRULES** Mr. Waddell's Objection, **DENIES** Defendants' Motion to Strike as moot, and **DENIES** Mr. Waddell's Motion for Leave to File Reply.

## I.    BACKGROUND

Defendants operate The Top Steakhouse, a restaurant located in Columbus, Ohio. (Am. Compl., ¶ 6.) Mr. Waddell, who has a mobility disability and requires the use of a wheelchair, encountered difficulties accessing portions of the restaurant.

(*See id.*, ¶¶ 5, 14–27.) So, Mr. Waddell initiated this action, alleging these access barriers denied him full enjoyment of a place of public accommodation in violation of Title III of the ADA and Ohio Revised Code § 4112.02, *et seq.*

During discovery, Mr. Waddell served a request for inspection under Fed. R. Civ. P. 34, requesting an audit of "***all*** exterior and interior public use areas." (ECF No. 28-2, PAGEID # 186.) Defendants objected to the scope of requested inspection; they agreed to allow inspection of portions of the restaurant Mr. Waddell alleges he visited in his Amended Complaint but not the entire restaurant. (ECF No. 28-1, PAGEID # 180.)

The Magistrate Judge set a discovery conference regarding this dispute. (ECF No. 27.) Prior to the conference, the parties submitted brief letters stating their respective positions. (*See* ECF Nos. 28-1, 28-2, 28-3.) Defendants primarily challenged the scope of Mr. Waddell's inspection on relevancy grounds. Although Defendants were "willing to make available the areas of the restaurant [Mr. Waddell] actually traveled in, and which he claims constituted barriers to him," they argued that any unencountered barriers are irrelevant to his claims because Sixth Circuit precedent limits an ADA plaintiff's standing to only those barriers "personally encountered." (ECF No. 28-1, PAGEID # 181–82.) Mr. Waddell argued that the ADA allows him to seek to cure "all barriers to access which affect one with a mobility disability," so he is entitled to conduct discovery to determine whether there are other barriers of which he is not yet aware that could affect his disability. (ECF No. 28-2, PAGEID # 189.)

2

The Magistrate Judge adopted the Defendants' position and limited the inspection to the spaces Mr. Waddell visited as set forth in his Amended Complaint, not the entire restaurant. (*See* Order.)

Mr. Waddell objected to the Magistrate Judge's Order, asking this Court to overrule the Magistrate Judge's Order and allow him to inspect all public-use areas of the restaurant relevant to his mobility-based access claims.

## II.    MOTION TO STRIKE AND LEAVE TO FILE REPLY

Federal Rules of Civil Procedure 72(a) provides that a party may file an objection to magistrate judge's order on a non-dispositive matter and the party who was successful before the magistrate may respond to the objection. *JS Products, Inc. v. Standley Law Group, LLP*, No. 09-cv-311, 2010 WL 3604827, at *2 (S.D. Ohio Sept. 13, 2010) (Frost, J.). Rule 72 does not allow a party to file a reply. *Id*. Thus, a party seeking to file a reply under Rule 72(a) must first seek leave of court for good cause before filing. *DRFP L.L.C. v. República Bolivariana de Venezuela*, No. 2:04-cv-793, 2015 WL 13037026, at *3 (S.D. Ohio, Dec. 15, 2015) (Sargus, J.).

Defendants moved to strike Mr. Waddell's reply in support of his Rule 72 objections (ECF No. 35) because he did not seek the Court's leave before filing. (ECF No. 36.) Mr. Waddell then filed a motion for leave to file the reply *instanter*. (ECF No. 37.) Defendants' Motion to Strike Mr. Waddell's reply (ECF No. 36) is **DENIED** as moot.

Filings beyond those allowed as a matter of course are generally disfavored because they are usually a "strategic effort" to "have the last word on a matter." *Liberty Legal Found. v. Nat'l Democratic Party of the USA, Inc.*, 875 F. Supp. 2d

791, 797 (W.D. Tenn. 2012) (citation omitted). However, additional filings may be allowed in appropriate circumstances, such as when the non-movant raised new arguments in its response. *Key v. Shelby Cty.*, 551 F. App'x 262, 265 (6th Cir. 2014).

Mr. Waddell argues that he should be permitted to file his reply to address "new arguments and factual assertions raised for the first time in Defendants' response," including: (1) the application of Sixth Circuit standing principles to this case; (2) an argument regarding the correct discovery standard; (3) assertions about his prior visits and settlement offer; and (4) the Magistrate Judge's discretion. (ECF No. 37, PAGEID # 252–53.) Yet Mr. Waddell's proposed reply only meaningfully addresses the application of the Sixth Circuit cases cited by Defendants to the parties' discovery dispute. Defendants raised the applicability of these cases in response to Mr. Waddell's argument that the Court should apply the standing principles and discovery approaches adopted by other circuits in public accommodation cases. Defendants' argument should not surprise Mr. Waddell because it was the exact dispute presented to the Magistrate Judge. Because Mr. Waddell initiated the discussion on the proper scope of a Rule 34 inspection in his Objection, allowing a reply would not aid the Court and would only allow Mr. Waddell to have the last word.

Mr. Waddell's Motion for Leave to File Reply (ECF No. 37) is **DENIED**.

## III.    DISCOVERY DISPUTE

### A.    Standard of Review

When a party timely objects to a magistrate judge's order concerning a non-dispositive matter, the district judge in the case must consider the objections and

"modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous" standard applies to the magistrate judge's factual findings, and the "contrary to law" standard applies to the legal conclusions. *Sheppard v. Warden, Chillicothe Corr., Inst.*, 1:12-cv-198, 2013 WL 146364, at \*5 (S.D. Ohio Jan. 14, 2013) (Frost, J.) A factual finding is "clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." *Id.* (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A legal conclusion is "contrary to law" when it "contradict[s] or ignore[s] applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Id.* (quoting *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992) (Kinneary, J.)); *see also Hood v. Midwest Sav. Bank*, No. C2-97-218, 2001 WL 327723, at \*2 (S.D. Ohio Mar. 22, 2001) (Holschuh, J.) (citation omitted) ("A magistrate[] judge's decision is contrary to law if the magistrate has misinterpreted or misapplied applicable law.").

### B.  Analysis

"It is well established that the scope of discovery is within the sound discretion of the trial court." *Pittman v. Experian Info. Sol., Inc.*, 901 F.3d 619, 642 (6th Cir. 2018) (citation omitted). The Federal Rules of Civil Procedure allow a party to seek discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Under Rule 34(a)(2), a party may request an inspection of property that

meets the relevancy and proportionality requirement of Rule 26(b). Fed. R. Civ. P. 34(a)(2).

Mr. Waddell objects to the Magistrate Judge's Order limiting his Rule 34 inspection for three reasons. First, he argues that the Order is "inherently and clearly erroneous" because it lacks clarity as to which areas of the restaurant he may inspect. Second, he argues that the Magistrate Judge misapplied Article III standing principles to limit his inspection. Third, he argues that the Order was contrary to law because the Magistrate Judge did not address proportionality under Rule 26(b)(1). (Obj., PAGEID # 199–200.)

### 1.     The Order does not lack clarity.

Mr. Waddell's first objection is that the Order does not clearly state which portions of the restaurant may be audited. (Obj., PAGEID # 199–200.) The Magistrate Judge limited Mr. Waddell's inspection to:

> **THE SPACES PLAINTIFF VISITED** as set forth in his Amended Complaint and **SHALL NOT INCLUDE THE ENTIRE RESTAURANT** that is the subject of the Amended Complaint.

(Order, PAGEID # 179.) According to Mr. Waddell, the Order contains no limitations because it extends to "all areas factually alleged in the Amended Complaint," which he argues includes the entire restaurant because he also alleges that he "may seek relief for barriers beyond those he personally encountered." (Obj., PAGEID # 199–200 (citing Am. Compl., ¶ 32).) Under this interpretation, he argues that limiting the inspection to "not … the entire restaurant" is incomprehensible

6

because it subjects "all areas" of the restaurant to audit so long as the audit is not of the "entire restaurant." (*Id.*, PAGEID # 200.)

But the Order plainly limits Mr. Waddell's inspection to the areas of the restaurant he alleges he visited in the Amended Complaint. Mr. Waddell's attempt to introduce ambiguity into the Order does not convince the Court otherwise.

Mr. Waddell's first objection is **OVERRULED**.

> **2.     The Magistrate Judge's limitation on the inspection was not contrary to law.**

The scope of a Rule 34 inspection in a public accommodation case is unsettled. Courts outside the Sixth Circuit are split as to whether a plaintiff can inspect the defendant's entire property after alleging a specific ADA violation or only those portions of the property previously encountered and identified in the complaint. *Compare Harty v. SRA/Palm Trails Plaza*, 755 F. Supp. 2d 1215 (S.D. Fla. 2010) (plaintiff not entitled to inspection of barriers on defendant's property other than those specified in his complaint); *with McConnell v. Canadian Pac. Realty Co.*, 280 F.R.D. 188, 195 (M.D. Pa. 2011) (allowing plaintiff to inspect property for all mobility barriers and not only those previously known to plaintiff).

Mr. Waddell argues that the Magistrate Judge erroneously applied Article III standing principles to introduce a "categorical rule" limiting Rule 34 inspections in ADA cases to barriers the plaintiff previously encountered. (Obj., PAGEID # 199–200.) But courts have generally applied the principles of Article III standing in public accommodation cases to determine the scope of a Rule 34 inspection. *See, e.g., Disability Support Alliance v. Geller Family Ltd. P'ship III*, 160 F. Supp. 3d 1133,

1138 (D. Minn. 2016) (limiting the scope of inspection to areas plaintiff had standing to challenge); *Wiele v. Zenith Arizona, Inc.*, 278 F.R.D. 477, 478 (D. Arizona 2012) (same). And unlike the circuit courts cited by Mr. Waddell, the Sixth Circuit has not expressly expanded a plaintiff's Article III standing to include all possible barriers affecting his disability. *Cf. Mosley v. Kohl's Dep't Stores, Inc.*, 942 F.3d 752, 757 (6th Cir. 2019) (applying traditional standing principles); *Brintley v. Aeroquip Credit Union*, 936 F.3d 489, 494 (6th Cir. 2019) (distinguishing statutory standing under Title III of the ADA from Article III standing).

In the absence of contrary controlling authority, the Magistrate Judge's limitation on Mr. Waddell's Rule 34 inspection was not contrary to law.

Mr. Waddell's second objection is **OVERRULED**.

### 3. The Magistrate Judge did not err by not addressing the burden and proportionality of the inspection.

A party seeking to compel discovery "bears the initial burden of showing that the information sought is relevant." *Delta T, LLC v. Williams*, 337 F.R.D. 395 (S.D. Ohio 2021) (McFarland, J.). "A request for discovery seeks relevant information if there is a possibility that the information sought may bear on a claim or defense of any party." *Dodd v. Hendrickson USA, LLC*, 349 F.R.D. 286, 292 (W.D. Ky. 2025). If relevance is shown, the burden shifts to the party opposing the request to demonstrate that the discovery would be unduly burdensome or disproportionate to the needs of the case. *Id.* (citation omitted).

Mr. Waddell argues that the failure to address proportionality or undue burden makes the Magistrate Judge's Order contrary to law. (Obj., PAGEID # 199.)

8

The Magistrate Judge adopted the Defendants' view that, because Mr. Waddell lacks standing to challenge barriers he did not personally encounter, unencountered areas are not relevant to his claims. (Order; ECF No. 28-1, PAGEID # 181–82.) Without a threshold showing of relevance, the lack of discussion of proportionality and undue burden was not contrary to law.

Mr. Waddell's third objection is **OVERRULED**.

## IV. CONCLUSION

For the reasons stated herein, the Court **ADOPTS** and **AFFIRMS** the Order (ECF No. 28), **OVERRULES** Mr. Waddell's Objection (ECF No. 31), **DENIES** Defendants' Motion to Strike (ECF No. 36) as moot, and **DENIES** Mr. Waddell's Motion for Leave to File Reply (ECF No. 37).

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

9