## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

THOMAS WADDELL,

      Plaintiff,          :

                              **Case No. 2:25-cv-834**
v.                            **Chief Judge Sarah D. Morrison**
                              **Magistrate Judge S. Courter M.**
TOP FAMILY AFFAIR LLC, *et*      **Shimeall**
*al.*,                  :

      Defendants.

## <u>OPINION AND ORDER</u>

This matter is before the Court on Thomas Waddell's Motion to Amend Order (ECF No. 42) and Motion to Certify Discovery Order for Interlocutory Appeal (ECF No. 43). Pursuant to 28 U.S.C. § 1292(b), Mr. Waddell seeks to immediately appeal this Court's April 17 Order (Order, ECF No. 40) affirming and adopting the Magistrate Judge's ruling on the parties' discovery dispute (ECF No. 28). He also asks the Court to revise that Order to include a "certification statement" to allow his interlocutory appeal to proceed. These Motions are fully briefed and, for the reasons below, are **DENIED**.

## I.    BACKGROUND

This action stems from purported access barriers at Defendants' restaurant that Mr. Waddell alleges denied him full enjoyment of a place of public accommodation in violation of Title III of the ADA and Ohio Revised Code § 4112.02, *et seq*. During discovery, the parties disputed the proper scope of Mr. Waddell's Rule 34 inspection of Defendants' restaurant. (*See* ECF No. 28.) Mr.

Waddell argued that the broad remedial purpose of the ADA provided a basis for him to inspect the Defendants' entire restaurant while Defendants argued his inspection should be limited to areas containing access barriers he personally encountered as alleged in his Amended Complaint. (*See id.*) The Magistrate Judge adopted the Defendants' position and limited Mr. Waddell's inspection to the areas of the restaurant identified in his Amended Complaint. (*Id.*)

Mr. Waddell objected to the Magistrate Judge's Order and asked the Court to allow him to inspect all public-use areas of the restaurant relevant to his mobility-based access claims. (*See* ECF No. 31.) Noting the conflicting authority outside the Sixth Circuit and the lack of controlling authority, the Court overruled Mr. Waddell's Objection and affirmed the Magistrate Judge's Order. (*See* Order.) In the interim, Mr. Waddell completed his inspection and produced an expert report detailing the results of that inspection. (*See* ECF No. 38.)

The parties' discovery closes in four weeks and dispositive motions are due shortly thereafter. (*See* ECF No. 47.) Nevertheless, Mr. Waddell moves the Court to certify its ruling on the discovery limitation for appeal. Specifically, he asks the Court to certify the following question to the Sixth Circuit:

> Whether, in a Title III ADA access case in the Sixth Circuit where a plaintiff with a mobility disability has personally encountered barriers at a public accommodation and seeks injunctive relief to remediate all barriers affecting persons with his disability, the plaintiff's right to conduct a Rule 34 property inspection is limited to only those specific areas he personally visited on a prior occasion, or whether Fed. R. Civ. P. 26(b)(1)'s relevance standard permits inspection of all areas of the property that bear on the claimed violations and the requested injunctive relief.

(ECF No. 43, PAGEID # 296.)

## II.    STANDARD OF REVIEW

Interlocutory appeals are generally disfavored and should be used sparingly and "only in exceptional cases where an intermediate appeal may avoid protracted and expensive litigation[.]" *U.S. ex rel. Elliot v. Brickman Grp. Ltd., LLC*, 845 F. Supp. 2d 858, 863 (S.D. Ohio 2012) (citation omitted) (Barrett, J.). Appeals under 28 U.S.C. § 1292(b) are "not appropriate for securing early resolution of disputes concerning whether the trial court properly applied the law to the facts." *Howe v. City of Akron*, 789 F. Supp. 2d 786, 810 (N.D. Ohio 2010) (citation omitted). A district court may certify an otherwise unappealable order if three requirements are met: (1) the order involves a controlling question of law; (2) a substantial ground for difference of opinion exists regarding the correctness of the decision; and (3) an immediate appeal may materially advance the ultimate termination of the litigation. *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002).

## III.    ANALYSIS

Mr. Waddell must meet all three elements set forth in 28 U.S.C. § 1292(b) to prevail on his request for interlocutory appeal. Because the Court does not find that an immediate appeal would materially advance the ultimate termination of the litigation, the Court begins and ends its analysis with the third element.

"An interlocutory appeal will materially advance the litigation if it will save substantial judicial resources and litigant expense." *In re Regions*, 741 F. Supp. 2d 844, 851 (W.D. Tenn. 2010) (citation omitted). "Appeals fulfilling that criterion typically are those where, absent review, potentially unnecessary 'protracted and expensive litigation' will ensue." *In re Somberg*, 31 F.4th 1006, 1008 (6th Cir. 2022)

(citation omitted). When the "district court could swiftly proceed to a final judgment" without interlocutory review, the Sixth Circuit has deferred consideration. *Id.* (citing *Kraus v. Bd. of Cnty. Road Comm'rs*, 364 F.2d 919, 922 (6th Cir. 1966)).

Mr. Waddell argues that certification will materially advance this litigation for two reasons: (1) later reversal by the Sixth Circuit would require the parties to conduct additional discovery and re-brief dispositive motions; and (2) waiting until after final judgment to expand discovery risks permanent loss of evidence relevant to his claims. Neither convinces the Court that an interlocutory appeal is warranted.

In support of his first argument, Mr. Waddell contends that an immediate appeal would be more efficient than continuing through litigation because, assuming the Sixth Circuit agrees that his inspection should not have been limited, the parties would need to conduct an additional inspection, update or re-do expert reports, and re-brief dispositive motions. (ECF No. 43, PAGEID # 289.) But Mr. Waddell has already completed his inspection and produced an expert report, so any reversal by the Sixth Circuit regarding the inspection would require the additional time and expense that Mr. Waddell argues an interlocutory appeal would avoid. Thus, whether Mr. Waddell appeals the discovery limitation now or after final judgment would not meaningfully impact the course of litigation or conserve litigation expenses and judicial resources. Indeed, the scope of Mr. Waddell's inspection does not weigh on the ultimate resolution of this litigation, but on the

4

scope of his requested relief. The parties would still need to brief dispositive motions and, if necessary, proceed to trial regardless of the outcome of the requested appeal. An immediate appeal in this instance would further delay the termination of litigation, not advance it.

With regard to his second argument, Mr. Waddell contends that the harm resulting from the Court's "incorrect limitation on inspection cannot be remedied post-judgment" because Defendants have already removed one barrier and additional renovations or remediations "risks permanent loss of evidence" critical to his claims. (ECF No. 43, PAGEID # 298.) Accordingly, he argues that "an inspection of the premises must occur while the property exists in its current condition" because further renovations "could render an eventual inspection irrelevant." (*Id.*) But Mr. Waddell does not cite – nor can the Court find – any authority to suggest that Rule 34 inspections must occur prior to a defendant's remediation of alleged ADA violations. On the contrary, removing access barriers during litigation fulfills the ADA's remedial purpose and may moot the plaintiff's claims. *See, e.g., Kelley v. Smith's Food & Drug Ctrs., Inc.*, 793 F. App'x 787, 789–90 (10th Cir. 2019) (upholding dismissal of Title III ADA claim where defendant permanently remediated barriers); *Davis v. Anthony, Inc.*, 886 F.3d 674, 677 (8th Cir. 2018) (upholding dismissal for mootness following remediation and finding request for discovery of undiscovered barriers futile). To the extent Defendants have removed and continue to remove alleged barriers, they are providing Mr. Waddell the relief he seeks, not destroying evidence. The Court is not convinced that delaying

litigation to allow Mr. Waddell to appeal its discovery ruling before Defendants can remediate any unencountered barriers would materially advance the ultimate resolution of this case.

Because Mr. Waddell fails to show that the third statutory requirement is met, the Court finds that an immediate appeal is not warranted under § 1292(b).

## IV.     CONCLUSION

For the reasons stated herein, the Court **DENIES** Mr. Waddell's Motion to Certify Discovery Order for Interlocutory Appeal (ECF No. 43). His Motion to Amend the Discovery Order to Include the Statement Required by 28 U.S.C. § 1292(b) (ECF No. 42) is **DENIED as moot**.


     **IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
